# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04-CR-212-TCK |
| | ) | (08-CV-169-TCK-TLW) |
| WILLIE EARL FLOWERS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (Dkt. # 62) filed by Defendant Willie Earl Flowers, a federal prisoner appearing *pro se*. The government filed a response to the motion (Dkt. # 66). After the government filed its response, Defendant filed a brief in support of his § 2255 claims (Dkt. # 69). On April 17, 2009, during the pendency of his § 2255 motion, Defendant filed a "Motion for Leave to File Supplemental Brief" (Dkt. # 70). On June 1, 2009, Defendant provided his proposed "Supplemental Brief." On April 5, 2010, Defendant filed a brief in support of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (Dkt. # 76), asserting the claim identified in the motion to supplement. He also filed a motion to provide supplemental authorities (Dkt. # 74).

By Order filed August 24, 2011 (Dkt. # 84), the Court granted Defendant's motions for leave to file supplemental brief and motion to provide supplemental authorities. The Court also directed the government to file a supplemental response addressing the claim asserted by Defendant in his supplemental brief. On September 7, 2011, the government filed a supplemental response (Dkt. # 86), conceding that sentencing for Defendant should be reopened. For the reasons discussed below, the Court finds Defendant is entitled to reopening of his sentence. His § 2255 motion shall be

granted for that limited purpose. The remainder of the claims asserted in the § 2255 motion shall be denied.

As a preliminary matter, the Court notes that Defendant has filed a motion for appointment of counsel (Dkt. # 77) and a motion for final judgment (Dkt. # 78). In light of today's rulings granting Defendant's request for relief from his sentence and finding that counsel will be appointed to represent Defendant at resentencing, the Court finds Defendant's motions for appointment of counsel and for final judgment shall be declared moot.

## *BACKGROUND*

By Order filed April 20, 2005 (Dkt. # 21), the Court denied Defendant's motion to suppress and summarized the incident giving rise to Defendant's arrest as follows:

> On October 15, 2004, Liz[a] Harring called police and reported that Defendant was in the backyard of her residence with a gun. Harring told the dispatcher she was locked in the bathroom, and could not provide additional information about Defendant's activities. Police officers, including Officers Dorsey and Rohloff who testified during the [suppression] hearing, arrived at Harring's residence accompanied by a police helicopter. At that time, Harring came out of the residence and spoke briefly with officers while they waited for back-up assistance to arrive. Officers then located Defendant, who had moved inside the residence, and ordered him out. Defendant complied with the orders and officers subsequently placed him in handcuffs and patted him down, but they found no weapons on his person. Defendant was placed in the front seat of Officer Dorsey's police car, where he remained in handcuffs for several minutes while officers continued to speak with Harring. During the police interview, Harring told officers that Defendant pointed a gun at her and threatened her. Harring further told officers that Defendant placed the gun in the trunk of his car. After talking to Harring, officers asked Defendant if they could search the car. Defendant consented and two guns were found in the trunk.

(Dkt. # 21). Based on those events, on May 2, 2005, Defendant was convicted by a jury of possessing a firearm after a felony conviction. See Dkt. # 42. At trial, Defendant was represented by attorneys Michael Abel and Barry Derryberry.

2

On August 1, 2005, Defendant was sentenced to 264 months imprisonment under the Armed Career Criminal Act ("ACCA"). His three (3) predicate offenses were: a first degree robbery conviction entered in Tulsa County District Court, Case No. 22,558; a second degree burglary conviction entered in Tulsa County District Court, Case No. CF-1989-4627; and an escape conviction entered in Tulsa County District Court, Case No. CF-1990-3479. At sentencing, Defendant objected to being sentenced under the ACCA. He argued, *inter alia*, that his escape conviction should not be considered a violent felony. See Dkt. # 43. Under Tenth Circuit law in effect at the time, however, every escape was a violent felony under the Armed Career Criminal Act ("ACCA"). See United States v. Moore, 401 F.3d 1220, 1225 (10th Cir. 2005); United States v. Moudy, 132 F.3d 618, 620 (10th Cir. 1998). Judgment (Dkt. # 52), amended to correct a clerical error, was entered on September 16, 2005.

Defendant appealed. Represented by attorney Derryberry, Defendant argued that (1) this Court erred in denying his motion to suppress evidence found in his car during his October 15, 2004 detention; (2) this Court erred in concluding that his Tulsa County conviction for escape from a penal institution constituted a violent felony under the ACCA; and (3) this Court violated his Sixth Amendment rights by failing to require the government to prove to a jury beyond a reasonable doubt that he had previously been convicted of violent felonies. By Order filed November 2, 2006, the Tenth Circuit rejected the claims, including Defendant's challenge to this Court's use of the escape conviction to sentence Defendant under the ACCA. See Dkt. # 59 (United States v. Flowers, 203 Fed. Appx. 221 (10th Cir. 2006) (unpublished)).

On March 26, 2008, Defendant filed the instant § 2255 motion. On January 13, 2009, the Supreme Court decided Chambers v. United States, 555 U.S. 122 (2009), holding that certain types

3

of escapes are not violent felonies within the meaning of the ACCA. On June 1, 2009, Defendant filed a supplemental brief seeking relief from his sentence based on Chambers. See Dkt. # 85.

*ANALYSIS*

**A. Claims raised in original § 2255 motion shall be denied**

In his original § 2255 motion (Dkt. # 62), Defendant sets forth three (3) grounds for relief, as follows:

> Ground one: Defendant was placed under arrest, and vehicle on private property was searched without a warrant, or a signed consent form.
> Attorney failed too [sic] raise this issue [on direct appeal] after I had requested that he do so.
>
> Ground two: Failure to call defense witness.
> As is shown from trial transcripts, defense attorney called no witnesses on behalf of the defendant.
> Appeal attorney failed to raise the issues, after I had so requested.
>
> Ground three: Ineffective counsel.
> As shown by appellant brief's [sic] defense attorney has failed to address these issues.

(Dkt. # 62). In response to the § 2255 motion, the government asserts that Defendant is not entitled to relief on the three claims raised in the motion. See Dkt. # 66.

**1. Ground one was adjudicated on direct appeal and will not be revisited**

In response to Defendant's motion, the government asserts that Defendant raised his first claim as identified in his § 2255 motion in his direct appeal to the Tenth Circuit. "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be reconsidered on a collateral attack by a motion pursuant to 2255." United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989) (citing United States v. Nolan, 571 F.2d 528, 530 (10th Cir. 1978)); see also United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994) (holding that defendant could

not raise issues in a § 2255 motion that were "previously considered and disposed of" on direct appeal). Furthermore, a decision rendered by the circuit court of appeals on a claim reurged in a § 2255 motion is binding in the § 2255 case. United States v. Alvarez, 142 F.3d 1243, 1247 (10th Cir.1998) ("The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.") (internal quotations omitted).

Upon review of the record, the Court finds that prior to trial, Defendant's attorneys challenged the constitutionality of the search by filing a motion to suppress (Dkt. # 14). After conducting a hearing, the Court denied the motion. See Dkt. # 21. Appellate counsel also raised a Fourth Amendment claim on direct appeal. The Tenth Circuit affirmed this Court's denial of Defendant's motion to suppress, finding that "the search of Mr. Flowers's car was not the fruit of an unlawful detention or arrest," and that he "presented no evidence indicating that his consent to the search was a product of police coercion." Flowers, 203 Fed. Appx. at 224. Tenth Circuit law governing the issue raised in ground one has not changed since adjudication of Defendant's direct appeal. Therefore, because the issue presented in ground one was raised and ruled on by the Tenth Circuit on direct appeal, the Court will not reconsider Defendant's ground one claim in this § 2255 proceeding.

**2. Ineffective assistance of counsel claims lack merit**

In grounds two and three, Defendant alleges his attorneys provided ineffective assistance during trial and on appeal. Specifically, he complains that his attorneys (1) failed to call a defense witness, and (2) failed to address the issues raised in the § 2255 motion. See Dkt. # 62. As noted by the government in response to the § 2255 motion, Defendant's ineffective assistance of counsel

5

claims as raised in the § 2255 motion are conclusory and totally lacking in factual support. However, after the government filed its response to the § 2255 motion, Defendant filed a supporting brief (Dkt. # 69), providing some factual support for his claims. He also claims in ground one of his supporting brief that his attorneys provided ineffective assistance in failing to challenge the voluntariness of his consent to search. See Dkt. # 69.

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. Id. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. Counsel is not constitutionally ineffective for failing to raise issues devoid of merit. United States v. Cook, 45 F.3d 388, 393 (10th Cir. 1995).

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable

6

probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

### a. Failure to challenge voluntariness of consent to search

In his supporting brief (Dkt. # 69), Defendant argues as his first proposition of error that counsel provided ineffective assistance in failing to argue that his consent to search was not freely and voluntarily given. Defendant now alleges that the strong police presence coupled with an alleged failure to advise him of his right to refuse consent resulted in his consent to search being involuntary. The record reflects that counsel argued that Defendant's consent to search the car was tainted by the illegality of his improper arrest. See Dkt. # 14 at 3. In addition, the facts cited by Defendant regarding the strong police presence at the scene were before the Court at the suppression hearing. Moreover, Tenth Circuit case law dictates that failure by law enforcement officials to advise a detainee of his Fourth Amendment right to refuse consent does not necessarily require a finding that consent was involuntary. See United States v. Doyle, 129 F.3d 1372, 1377 (10th Cir. 1997) (citations omitted). Under the facts of this case, Defendant has not convinced the Court that even if his attorneys performed deficiently in failing to challenge directly the voluntariness of his consent, there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. Defendant has not satisfied the prejudice prong of the Strickland standard. He is not entitled to § 2255 relief on his claim of ineffective assistance of counsel as raised in ground one of the supporting brief.

### b. Failure to call defense witness

In ground two of his § 2255 motion, Defendant complains that trial counsel failed to call a defense witness. In his supporting brief (Dkt. # 69), Defendant for the first time identifies his

7

defense witness as J.P. Haney, the alleged owner of the vehicle where the guns were found. Id. Defendant asserts that Mr. Haney dropped off the car to be serviced by Defendant no more than 45 minutes before the police arrived at Defendant's home. Id.

Significantly, Defendant does not claim that the guns recovered in the trunk of the car belonged to Mr. Haney and that Mr. Haney would so testify. Furthermore, in denying Defendant's motion to suppress, the Court acknowledged that the evidence was unclear as to whom the car actually belonged. See Dkt. # 21 at 1 n.1. However, the Court further noted that Defendant had allegedly been driving the car and that the keys were found on his person during the pat down search. Id. Thus, ownership of the car was not relevant to the issues before the Court at either the suppression hearing or at trial. As a result, Defendant has not convinced the Court that, even if his attorneys performed deficiently in failing to call Mr. Haney as a defense witness, there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. Defendant has not satisfied the prejudice prong of the Strickland standard. He is not entitled to § 2255 relief on ground two.

### c. Failure to object to lack of documentation at sentencing

As to ground three of the § 2255 motion, Defendant explains in his supporting brief (Dkt. # 69) that his attorneys provided ineffective assistance at sentencing when they failed to object to the lack of documentation supporting use of his prior conviction for second degree burglary as a predicate offense under the ACCA. Defendant cites Shepard v. United States, 544 U.S. 13 (2005), and Taylor v. United States, 495 U.S. 575 (1990), in support of this claim. Significantly, Defendant has not demonstrated that he was prejudiced by counsel's allegedly deficient performance. For that reason, he is not entitled to § 2255 relief on ground three. In addition, any claim seeking relief from

use of the ACCA to enhance Defendant's sentence has been rendered moot because, as discussed in Part B below, the government concedes that Defendant is entitled to relief from his enhanced sentence based on Chambers.

**B. Defendant is entitled to relief from his sentence under Chambers**

In response to the claim raised by Defendant in his supplemental § 2255 motion, the government concedes that Defendant is entitled to relief from his sentence based on Chambers. See Dkt. # 86. According to the government, Petitioner's Tulsa County escape conviction resulted from his "failure to report" and does not qualify as a "violent felony" under Chambers. See Dkt. # 86, Ex. 1. The Court agrees. Without the escape conviction, Defendant has fewer than three (3) convictions that qualify as predicate offenses and the ACCA no longer applies. See 18 U.S.C. § 924(e) (requiring three (3) previous convictions for a "violent felony" or a "serious drug offense" or both for application of enhanced sentence). Furthermore, Chambers is a substantive holding that applies retroactively on collateral review. See United States v. Shipp, 589 F.3d 1084, 1090 (10th Cir. 2009). Therefore, the Court finds that to the extent Defendant seeks reopening of his sentence based on Chambers, his § 2255 motion shall be granted. An attorney shall be appointed to represent Defendant at resentencing.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendant's 28 U.S.C. § 2255 motion (Dkt. # 62) is **granted in part** and **denied in part**, as follows: to the extent Defendant seeks reopening of his sentence based on Chambers v. United States, 129 S.Ct. 687 (2009), his § 2255 motion is **granted**; the remainder of the claims asserted in the original § 2255 motion are **denied**.

2.  Resentencing is set for January 5, 2012, at 11:00 a.m. in the second floor courtroom located at the Federal Courthouse, 224 South Boulder, Tulsa, OK.

3.  An attorney shall be appointed to represent Defendant at the resentencing.

4.  The government shall insure that Defendant is present for resentencing.

5.  Defendant's motions for appointment of counsel (Dkt. # 77) and for final judgment (Dkt. # 78) are **declared moot**.

DATED THIS 27th day of September, 2011.

*Terence C. Kern*
TERENCE C. KERN
UNITED STATES DISTRICT JUDGE